UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No.   04-12069 RCL

BOSTON AND MAINE CORPORATION )
and SPRINGFIELD TERMINAL )
RAILWAY COMPANY, )
 )
      Plaintiffs, )
 )
V. )
 )
TOWN OF CHELMSFORD, CHELMSFORD )
BOARD OF HEALTH, RICHARD J. DAY, )
PETER DULCHINOS, ANNMARIE ROARK, )
EARNEST WU, M.D., MASSACHUSETTS )
DEPARTMENT OF ENVIRONMENTAL )
PROTECTION and ROBERT W. GOLLEDGE, )
JR., )
      Defendants. )

### ANSWER OF DEFENDANTS, TOWN OF CHELMSFORD, CHELMSFORD BOARD OF HEALTH, RICHARD J. DAY, PETER DULCHINOS, ANNMARIE ROARK AND EARNEST WU, M.D. TO PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES

#### Jurisdiction and Venue

1.  Defendants, Town of Chelmsford, Chelmsford Board of Health, Richard J. Day, Peter Dulchinos, Annmarie Roark and Earnest Wu, M.D. (hereinafter "the answering defendants") state that the allegations in this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, answering defendants deny all allegations in this paragraph.

2.  The allegations in this paragraph state a legal conclusion to which no response is required. To the extent that a response is required, answering defendants deny all allegations in this paragraph.

#### Statement of Case and Parties

3.  Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph. The allegations regarding jurisdiction are legal conclusions more appropriately reserved to the court.

4.      Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph. The allegations regarding jurisdiction are legal conclusions more appropriately reserved to the court.

5.      Answering defendants admit the allegations as set forth in this paragraph.

6.      Defendant, Board of Health is an independent Board formed pursuant to the by-laws of the Town of Chelmsford. Answering defendants deny the allegations in this Complaint.

7.      Answering defendants admit that as of August 27, 2004 the specified individuals served in the specified official capacities as set forth in this paragraph.

8.      This Paragraph refers to other defendants and does not require a response from answering defendants.

9.      Answering defendants deny the applicability of the cited statutes and constitutional provisions to the facts as set forth in this Complaint.

10.     Answering defendants deny that they have prevented or restrained the plaintiffs in the operating of their locomotives for railroad transportation and deny any liability for damages sought.

## Facts

11.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.     Answering defendants admit that the quoted letter was sent but deny remainder of the allegations as set forth in this paragraph.

14.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15.     Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I

### Preemption by the ICA and the Supremacy Clause

16.     Answering defendants incorporate by reference their responses to paragraphs 1 through 15 as set forth above.

17.    The allegations in this paragraph are legal conclusions more appropriately reserved to the court. To the extent required, answering defendants deny the allegations contained in this paragraph.

18.    Answering defendants admit that the quotation is an accurate one but deny the remainder of the allegations in this paragraph.

19.    Answering defendants admit that the quotation is an accurate one.

20.    Answering defendants admit that the quotation is an accurate one.

21.    The allegations of this paragraph are legal conclusions more appropriately reserved to the court. To the extent required, the answering defendants deny the allegations contained in this paragraph.

22.    The answering defendants deny the allegations contained in this paragraph.

23.    The answering defendants deny the allegations contained in this paragraph.

24.    The answering defendants deny the allegations contained in this paragraph.

## COUNT II

### Preemption by FRSA and the Supremacy Clause

25.    Answering defendants incorporate by reference their responses to paragraphs 1 through 24 as set forth above.

26.    The allegations in this paragraph are conclusions of law more appropriately reserved to the court.

27.    Answering defendants admit that the quotation is an accurate one.

28.    The allegations in this paragraph are conclusions of law more appropriately reserved to the court.

29.    The answering defendants lack sufficient information regarding the factual allegations contained in this paragraph. The regulatory language speaks for itself and the legal conclusions are more appropriately reserved to the court.

30.    The answering defendants deny the allegations contained in this paragraph.

## COUNT III

### Violation of Dormant Commerce Power

31.    Answering defendants incorporate by reference their responses to paragraphs 1 through 30 as set forth above.

32. The allegations in this paragraph are conclusions of law more appropriately reserved to the court.

33. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34. The answering defendants deny the allegations contained in this paragraph.

35. The answering defendants deny the allegations contained in this paragraph.

WHEREFORE, answering defendants request that this court deny the requested relief and enter judgment in favor of the answering defendants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

By way of affirmative defense, the plaintiffs have failed to state a cause of action in their complaint for which relief can be granted.

### Second Affirmative Defense

By plaintiffs' own admission, this court lacks subject matter jurisdiction over these events.

### Third Affirmative Defense

By way of affirmative defense, the defendants state that the plaintiff has failed to exhaust its administrative remedies.

### Fourth Affirmative Defense

By way of affirmative defense, the defendants state that the defendants' actions are entitled to a qualified good faith immunity.

### Fifth Affirmative Defense

By way of affirmative defense, the defendants state that if the defendants committed the acts complained of, which the defendants deny, the defendants were lawfully authorized to do so or had good reason to believe that the defendants were entitled to do so.

### Sixth Affirmative Defense

By way of affirmative defense, the defendants state that the defendants were privileged in the defendants' conduct and acts and that therefore the plaintiffs cannot recover.

### Seventh Affirmative Defense

By way of affirmative defense, the defendants state that the defendants are entitled to immunity based upon good faith and that the harm suffered by the plaintiffs was not a result which a reasonable person in the defendants' position would have known to result from the defendants' action.

### Eighth Affirmative Defense

By way of affirmative defense, the defendants state that at all times relevant hereto, the defendants have acted without malice towards the plaintiffs and that the defendants' actions relative to the plaintiffs were privileged by virtue of the defendants' acting reasonably and in good faith within the scope of the defendants' authority.

### Ninth Affirmative Defense

By way of affirmative defense, the defendants state that the complaint fails to state a claim under 42 U.S.C. §1988 against the defendants.

### Tenth Affirmative Defense

By way of affirmative defense, the defendants state that at all times material, they acted reasonably, within the scope of the defendants' official discretion and with a good faith belief that the defendants' actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all the matters in the complaint which bear on a question of state or federal law.

### JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

The Defendants,
Town of Chelmsford, Chelmsford Board of Health,
Richard J. Day, Peter Dulchinos, Annmarie Roark and
Earnest Wu, M.D.
By their attorney,

/s/ Jocelyn M. Sedney
Jocelyn M. Sedney, BBO# 552115
**BRODY, HARDOON, PERKINS & KESTEN, LLP**
One Exeter Plaza, 12th Floor
Boston, MA  02116
(617) 880-7100

Dated: January 26, 2005