UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BOSTON AND MAINE CORPORATION and SPRINGFIELD TERMINAL RAILWAY COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| TOWN OF CHELMSFORD, CHELMSFORD BOARD OF HEALTH, RICHARD J. DAY, PETER DULCHINOS, ANNMARIE ROARK, EARNEST WU, M.D., MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION and ROBERT W. GOLLEDGE, JR., | ) ) ) ) ) ) ) ) ) | Case No. 04 CV 12069 RCL |
| Defendants. | ) ) ) | |

**JOINT STATEMENT CONTAINING PROPOSED PRETRIAL SCHEDULE**

Pursuant to the Notice of Scheduling Conference issued by this Court on December 23, 2004, Rules 16 and 26 of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules, counsel for the plaintiffs (Boston and Maine Corporation and Springfield Terminal Railway Company) and the defendants (Town of Chelmsford, Chelmsford Board of Health, Richard J. Day, Peter Dulchinos, Annmarie Roark, Earnest Wu, M.D., Massachusetts Department of Environmental Protection and Robert Golledge, Jr.) conferred on January 19, 2005 and hereby submit their joint statement containing a summarization of the position of the parties and a proposed pre-trial schedule.

## Summary of Positions by the Parties

A. Plaintiffs' Position:

Plaintiffs, common carriers by rail subject to the jurisdiction of the Surface Transportation Board and the Federal Railroad Administration, take the position that the regulation of the idling of locomotives found at 111 M.G.L.A. § 142B and 310 CMR 7.11(2), is preempted by the Interstate Commerce Act, as amended by the ICC Termination Act of 1995 (49 U.S.C. §§ 701-727), and by the Federal Railroad Safety Act (49 U.S.C. §§ 20101 *et seq.*), and violates the Dormant Commerce Clause (*see* U.S. CONST. art. 1, § 8, cl. 3) and the Supremacy Clause of the United States Constitution (U.S. CONST. art. 6, cl. 2). The times, places, and duration of idling are dictated largely by such considerations as federal brake testing requirements, interstate rail traffic congestion, and the like. The express preemption provisions of the Interstate Commerce Act and the Federal Railroad Safety Act, as well as the judicial recognition of the dormant commerce power, reflect such considerations. The regulation in question has statewide application, which means that under the defendants' view of the matter, each of the more than 100 towns in the Commonwealth in which Plaintiffs operate has the unilateral right to decide when idling is justified.

B. Position of the Town Chelmsford, Board of Health, Richard J. Day, Peter Dulchinos, AnnMarie Roark, and Earnest Wu, M.D.

The Town of Chelmsford takes the position that the idling of the trains which its citizens have observed for periods of time in excess of twelve hours at a time threatens public health and safety and may well implicate the Federal Clean Air

Act. The Town has traditionally attempted to work with the railroad to accommodate its needs while at the same time protecting the health and safety of its citizens. The lawsuit stems from a notice to the railroad that the idling times had once again become a problem so much so that the railroad was in violation of state law. Where state and local regulation does not interfere with interstate rail operations, localities retain certain police powers to protect health and safety.

C. Position of the Massachusetts Department of Environmental Protection and Commissioner Robert W. Golledge, Jr.

The Commonwealth of Massachusetts takes the position that 310 CMR 7.11(2)(b) is not preempted by federal law because it prohibits only "unnecessary foreseeable idling." Plaintiffs have allowed diesel locomotive engines to idle unnecessarily and for excessive periods of time in Chelmsford. The state retains police powers to protect health and safety of its citizens where its regulation does not interfere with interstate rail operations.

**Proposed pretrial schedule**

In light of the particular facts of this case, the parties have agreed that phased discovery would be the most efficient and desirable course, and have agreed to propose the following schedule to this Court:

| | |
|---|---|
| February 2, 2005 | Town defendants to answer |
| February 16, 2005 | Rule 26(a) Initial Disclosures |
| September 30, 2005 | Factual Discovery (Interrogatories, Document Requests, Depositions) Complete |

| | |
|---|---|
| October 31, 2005 | Plaintiffs designate experts |
| November 30, 2005 | Defendants designate experts |
| January 31, 2006 | Motions/Cross-Motions for Summary Judgment |
| March 2, 2006 | Opposition to Cross-Motions for Summary Judgment |
| March 16, 2006 | Replies to Cross-Motions for Summary Judgment |

**Certifications regarding budgets and alternative dispute resolution**

The parties also certify that each has conferred with its counsel regarding establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation. Each party also has discussed with its counsel the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

**Trial by Magistrate**

The parties will not consent to a trial by magistrate.

Respectfully submitted,

**BOSTON AND MAINE CORPORATION**
**SPRINGFIELD TERMINAL RAILWAY CO.**

By: _____
Katherine E. Potter
BBO#651726
Iron Horse Park
North Billerica, MA 01862
Phone: (978) 663-1029

**January 26, 2005**

TOWN OF CHELMSFORD
CHELMSFORD BOARD OF HEALTH,
RICHARD J. DAY, PETER DULCHINOS,
ANNMARIE ROARK, and EARNEST WU, M.D.

_____
By:

s/Jocelyn Sedney
Jocelyn Sedney
BBO#
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
Phone:

**January 26, 2005**

MASSACHUSETTS DEPARTMENT OF
ENVIRONMENTAL PROTECTION and
ROBERT W. GOLLEDGE, JR.

_____
By:

s/Nora Chorover
Nora J. Chorover, Esq.
BBO#
Assistant Attorney General
Commonwealth of Massachusetts
Office of Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone:

**January 26, 2005**