UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON AND MAINE CORPORATION AND SPRINGFIELD TERMINAL RAILWAY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF CHELMSFORD, et al.<br><br>Defendants. | Case No.: 04-12069 MLW |

## MOTION OF DEFENDANT MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION TO CONSOLIDATE CASES AND CHANGE SCHEDULING ORDER

1. Pursuant to Fed. R. Civ. P. 42(a), the defendants Massachusetts Department of Environmental Protection and Robert W. Golledge (collectively "Department"), the towns of Chelmsford and Andover, the Chelmsford Board of Health, Richard J. Day, Peter Dulchinos, Annmarie Roark, Earnest Wu, M.D., the Andover Board of Health, Douglas M. Dunbar, Daniel E. Coleman, Candace Martin, Everett Penney and Daniel Tremblay move this honorable Court to consolidate this action with <u>Boston and Maine Corp. and Springfield Terminal Railway Co. v. Town of Westford et al.</u>, Civil Action No.: 05-10806-MLW ("Westford Complaint") and <u>Boston and Maine Corp. and Springfield Terminal Railway Co. v. Town of Andover</u>, Civil Action No.: 05-10820-MLW ("Andover Complaint"), all three cases were filed in this Court with virtually identical complaints naming the Department as a defendant.

2. Also being filed on this day with the Court are Joint Scheduling Statements in the cases of <u>Boston and Maine Corp. and Springfield Terminal Railway Co. v. Town of Chelmsford</u>, and <u>Boston and Maine Corp. and Springfield Terminal Railway Co. v. Town of Andover</u>. Defendants respectfully request that the dates in this Court's February 2, 2005, Scheduling Order for this case be changed to reflect the dates in the Joint Statements Containing Proposed Pretrial Schedule in the <u>Westford</u> and <u>Andover</u> cases. Copies of those proposed schedules are attached hereto as Exhibit A. Alternatively, defendants request a three-month extension from the dates in this Court's February 2, 2005, Scheduling Order attached hereto as Exhibit B, in order to allow the parties sufficient time to conduct discovery.

## BACKGROUND

3. On September 24, 2004, Boston and Maine Corporation and Springfield Terminal Railway Company (collectively "B&M") filed this action against the Town of Chelmsford, Chelmsford Board of Health, individual members of the Chelmsford Board of Health, the Department and the Department's Commissioner, Robert Golledge, seeking damages and injunction relating to the town's threatened enforcement of a Massachusetts air regulation, which restricts idling time of locomotives. See 310 Code of Massachusetts Regulations 7.11(2) ("310 CMR 7.11"). The complaint alleges that 310 CMR 7.11 is preempted by: A. the Commerce and Supremacy Clauses of the United States Constitution; B. the Interstate Commerce Act, as amended by the ICC Termination Act of 1995 ("ICA")(49 U.S.C. §§ 701-727, 10101-19108; C. the Federal Railway Safety Act ("FRSA")(49 U.S.C. §§ 20101 *et seq.*) and; D. the Declaratory Judgment Act (28 U.S.C. §2201); and E. the Civil Rights Act of 1871 (42 U.S.C. § 1983). The complaint additionally seeks various assessments of damage and injunctive relief.

4. On April 21, 2005 and April 25, 2005, respectively, B&M filed the Westford Complaint and the Andover Complaint. Each complaint is identical in form to the Chelmsford Complaint, with the exception of the named town board of health and individual board of health members defendants.

5. Although B&M chose to file separate complaints with this Court, its actions are based on the same factual allegations and the same legal theories. Therefore, the actions should be consolidated for all purposes including discovery, motion practice and trial.

### ARGUMENT

6. Federal Rule of Civil Procedure permits this Court to consolidate civil actions involving "a common question of law or fact." Fed. R. Civ. P. 42(a); See Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). The standard is liberal, necessitating only that consolidation because of commonality of actions result in enhance efficiency and economy for all concerned. Storlazzi v. Bakey, 894 F. Supp. 494, 500 (D. Mass. 1995). The efficiency achieved will also serve to conserve the resources of the Court by preventing unnecessary costs or delay. Data General Corporation v. Grumman Systems Support Corporation, 834 F. Supp. 477, 487 (D. Mass. 1992). The Court should favor consolidation where it will achieve a fair and just result. Malcolm v. National Gypsum Co., 995 F.2d 346, 350 (2d Cir. 1993). Here, multiple related actions filed by the same plaintiff are perfect candidates for consolidation. If the Court were to fail to consolidate these actions, a potential for disparate holdings would exist. Therefore, consolidation is appropriate in this case.

7. The instant actions involve "a common question of law or fact," and therefore satisfy the only requirement for consolidation under Rule 42(a). Although it is sufficient for purposes of

the rule to have only one common question or law or fact, here the complaints are nearly identical, therefore containing many common questions of law and fact. Consolidation would serve to address these questions in one forum.

8. The common questions of law and fact include, whether section 7.11 of Title 310 of the Massachusetts Code of Regulations is; (i) preempted by the ICA and the Supremacy Clause; (ii) is preempted by FRSA and the Supremacy Clause; and, (iii) is in violation of the Dormant Commerce Power.

9. The identical legal and factual issues involved overwhelm any differences in these actions.

10. This Court should exercise its discretion to consolidate these actions because such consolidation will serve interests of fairness and justice. Additionally, the consolidation will produce significant savings of time and resources for the Court and the parties. In contrast, permitting the three cases to proceed separately would produce needless duplication of effort.

11. Consolidation will achieve substantial efficiencies and savings without sacrificing fairness to all parties involved.

12. Counsel for the defendant Department has spoken to counsel for both defendant Town of Westford and plaintiff B&M who indicated that although they may not oppose this motion, they could not assent to it at this time.

13. For the foregoing reasons, the Department respectfully requests that this Court consolidate this action for all purposes with <u>Boston and Maine Corp. and Springfield Terminal Railway Co. v. Town of Westford et al.</u>, Civil Action No.: 05-10806-MLW and <u>Boston and</u>

<u>Maine Corp. and Springfield Terminal Railway Co. v. Town of Andover et al.</u>, Civil Action No.: 05-10820-MLW.

                                MASSACHUSETTS DEPARTMENT OF
                                ENVIRONMENTAL PROTECTION,

                                by its attorney,

                                THOMAS F. REILLY
                                ATTORNEY GENERAL

                                <u>/s/ Nora J. Chorover</u>
                                Nora J. Chorover, BBO #547352
                                Assistant Attorney General
                                Environmental Protection Division
                                Attorney General's Office
                                One Ashburton Place
                                Boston, MA  02108
Dated: September 30, 2005        617-727-2200 x 2433


## CERTIFICATION OF SERVICE

      I hereby certify that a copy of this motion for consolidation was sent by first class mail on September 30, 2005 to:

Robert B. Culliford, Esq.
Katherine Potter, Esq.
Boston & Maine Corporation
Springfield Terminal Railway Company
Iron Horse Park
No. Billerica, MA 01862

Eric L. Hirschhorn
Winston & Strawn LLP
1400 L Street, N.W.
Washington, DC 20005

                                <u>/s/ Nora J. Chorover</u>
                                Nora J. Chorover

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON AND MAINE CORPORATION and SPRINGFIELD TERMINAL RAILWAY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF WESTFORD, WESTFORD BOARD OF HEALTH, DARREN R. MACCAUGHEY, SANDY COLLINS, R.N., ZAC CATALDO, TODD LOBO, TOM MAHANNA, JOANNE MARTEL, JOSEPH P. GUTHRIE, JR., MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ROBERT GOLLEDGE, JR.,<br><br>Defendants. | Case No. 05 CV 10806 MLW |

**JOINT STATEMENT CONTAINING PROPOSED PRETRIAL SCHEDULE**

Pursuant to the Notice of Scheduling Conference issued by this Court on August 18, 2005 and amended on September 23, 2005, Rules 16 and 26 of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules, counsel for the plaintiffs (Boston and Maine Corporation and Springfield Terminal Railway Company) and the defendants (Town of Westford, Westford Board of Health, Darren R. MacCaughey, Sandy Collins, R.N., Zac Cataldo, Todd Lobo, Tom Mahanna, Joanne Martel, Joseph P. Guthrie, Jr., Massachusetts Department of Environmental Protection and Robert Golledge, Jr.) conferred on September 29, 2005 and hereby submit their joint statement containing a summarization of the position of the parties and a proposed pre-trial schedule.

**Summary of Positions by the Parties**

    A.    Plaintiffs' Position:

        Plaintiffs, common carriers by rail subject to the jurisdiction of the Surface Transportation Board and the Federal Railroad Administration, take the position that the regulation of the idling of locomotives found at 111 M.G.L.A. § 142B and 310 CMR 7.11(2), is preempted by the Interstate Commerce Act, as amended by the ICC Termination Act of 1995 (49 U.S.C. §§ 701-727), and by the Federal Railroad Safety Act (49 U.S.C. §§ 20101 *et seq.*), and violates the Dormant Commerce Clause (*see* U.S. CONST. art. 1, § 8, cl. 3) and the Supremacy Clause of the United States Constitution (U.S. CONST. art. 6, cl. 2). The times, places, and duration of idling are dictated largely by such considerations as federal brake testing requirements, interstate rail traffic congestion, and the like. The express preemption provisions of the Interstate Commerce Act and the Federal Railroad Safety Act, as well as the judicial recognition of the dormant commerce power, reflect such considerations. The regulation in question has statewide application, which means that under the defendants' view of the matter, each of the more than 100 towns in the Commonwealth in which Plaintiffs operate has the unilateral right to decide when idling is justified.

    B.    Position of the Town of Westford, the Westford Board of Health, Darren R. MacCaughey, Sandy Collins, R.N., Zac Cataldo, Todd Lobo, Tom Mahanna, Joanne Martel, and Joseph P. Guthrie, Jr.:

The Town of Westford takes the position that the excessive idling of trains may threaten public health and safety and that regulation of idling is a permissible

exercise of inherent police powers and is expressly authorized pursuant to state law. The Town further denies plaintiffs' claim of pre-emption in the circumstances of this case.

C. Position of the Massachusetts Department of Environmental Protection and Commissioner Robert W. Golledge, Jr.

The Commonwealth of Massachusetts takes the position that 310 CMR 7.11(2)(b) is not preempted by federal law because it prohibits only "unnecessary foreseeable idling." Plaintiffs have allowed diesel locomotive engines to idle unnecessarily and for excessive periods of time in Andover. The state retains police powers to protect health and safety of its citizens where its regulation does not interfere with interstate rail operations.

**Settlement Proposals**

The parties have discussed possible settlement of this matter and have been attempting to schedule a meeting to further explore settlement opportunities. Unfortunately, the meeting has not been scheduled, but the parties intend to meet in the next two to four weeks.

**Proposed pretrial schedule**

In light of the particular facts of this case, the parties have agreed to propose the following schedule to this Court:

| | |
|---|---|
| October 19, 2005 | Rule 26(a) Initial Disclosures |
| December 30, 2005 | All written discovery (Interrogatories, Document Requests) served. |

| | |
|---|---|
| February 24, 2006 | All written discovery complete. |
| March 20, 2006 | All non-expert depositions complete. |
| March 31, 2006 | Plaintiffs designate experts |
| April 28, 2006 | Defendants designate experts |
| May 26, 2005 | All expert depositions complete. |
| June 30, 2006 | All motions and cross-motions for summary judgment filed. |
| July 28, 2006 | Opposition to motions for summary judgment filed. |
| August 11, 2006 | Replies to opposition filed. |

### Certifications regarding budgets and alternative dispute resolution

The parties will file L.R. 16.1 certifications of conferral on or before the date of the scheduling conference.

### Trial by Magistrate

The parties do not consent to a trial by magistrate.

Respectfully submitted,

**BOSTON AND MAINE CORPORATION**
**SPRINGFIELD TERMINAL RAILWAY CO.**

/s/ Katherine E. Potter
Katherine E. Potter
BBO#651726
Iron Horse Park
North Billerica, MA 01862
Phone: (978) 663-1029

**September 30, 2005**


TOWN OF WESTFORD, WESTFORD BOARD OF HEALTH,
DARREN R. MACCAUGHEY, SANDY COLLINS, R.N.,
ZAC CATALDO, TODD LOBO, TOM MAHANNA,
JOANNE MARTEL, JOSEPH P. GUTHRIE, JR.,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr.  BBO# 494020
Sarah N. Turner BBO# 654195
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
Phone: 617-556-0007

**September 30, 2005**


**MASSACHUSETTS DEPARTMENT OF**
**ENVIRONMENTAL PROTECTION and**
**ROBERT W. GOLLEDGE, JR.**

/s/Nora Chorover
Nora J. Chorover, Esq.
BBO#
Assistant Attorney General
Commonwealth of Massachusetts
Office of Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone:

**September 30, 2005**

**EXHIBIT B**

Case 1:04-cv-12069-MLW    Document 20    Filed 09/30/2005    Page 12 of 17

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON AND MAINE CORPORATION and SPRINGFIELD TERMINAL RAILWAY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF CHELMSFORD, CHELMSFORD BOARD OF HEALTH, RICHARD J. DAY, PETER DULCHINOS, ANNMARIE ROARK, EARNEST WU, M.D., MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION and ROBERT W. GOLLEDGE, JR.,<br><br>Defendants. | Case No. 04 CV 12069 RCL |

**JOINT STATEMENT CONTAINING PROPOSED PRETRIAL SCHEDULE**

Pursuant to the Notice of Scheduling Conference issued by this Court on December 23, 2004, Rules 16 and 26 of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules, counsel for the plaintiffs (Boston and Maine Corporation and Springfield Terminal Railway Company) and the defendants (Town of Chelmsford, Chelmsford Board of Health, Richard J. Day, Peter Dulchinos, Annmarie Roark, Earnest Wu, M.D., Massachusetts Department of Environmental Protection and Robert Golledge, Jr.) conferred on January 19, 2005 and hereby submit their joint statement containing a summarization of the position of the parties and a proposed pre-trial schedule.

## Summary of Positions by the Parties

A.  Plaintiffs' Position:

Plaintiffs, common carriers by rail subject to the jurisdiction of the Surface Transportation Board and the Federal Railroad Administration, take the position that the regulation of the idling of locomotives found at 111 M.G.L.A. § 142B and 310 CMR 7.11(2), is preempted by the Interstate Commerce Act, as amended by the ICC Termination Act of 1995 (49 U.S.C. §§ 701-727), and by the Federal Railroad Safety Act (49 U.S.C. §§ 20101 *et seq.*), and violates the Dormant Commerce Clause (*see* U.S. CONST. art. 1, § 8, cl. 3) and the Supremacy Clause of the United States Constitution (U.S. CONST. art. 6, cl. 2). The times, places, and duration of idling are dictated largely by such considerations as federal brake testing requirements, interstate rail traffic congestion, and the like. The express preemption provisions of the Interstate Commerce Act and the Federal Railroad Safety Act, as well as the judicial recognition of the dormant commerce power, reflect such considerations. The regulation in question has statewide application, which means that under the defendants' view of the matter, each of the more than 100 towns in the Commonwealth in which Plaintiffs operate has the unilateral right to decide when idling is justified.

B.  Position of the Town Chelmsford, Board of Health, Richard J. Day, Peter Dulchinos, AnnMarie Roark, and Earnest Wu, M.D.

The Town of Chelmsford takes the position that the idling of the trains which its citizens have observed for periods of time in excess of twelve hours at a time threatens public health and safety and may well implicate the Federal Clean Air

Act. The Town has traditionally attempted to work with the railroad to accommodate its needs while at the same time protecting the health and safety of its citizens. The lawsuit stems from a notice to the railroad that the idling times had once again become a problem so much so that the railroad was in violation of state law. Where state and local regulation does not interfere with interstate rail operations, localities retain certain police powers to protect health and safety.

C. Position of the Massachusetts Department of Environmental Protection and Commissioner Robert W. Golledge, Jr.

The Commonwealth of Massachusetts takes the position that 310 CMR 7.11(2)(b) is not preempted by federal law because it prohibits only "unnecessary foreseeable idling." Plaintiffs have allowed diesel locomotive engines to idle unnecessarily and for excessive periods of time in Chelmsford. The state retains police powers to protect health and safety of its citizens where its regulation does not interfere with interstate rail operations.

**Proposed pretrial schedule**

In light of the particular facts of this case, the parties have agreed that phased discovery would be the most efficient and desirable course, and have agreed to propose the following schedule to this Court:

| | |
|---|---|
| February 2, 2005 | Town defendants to answer |
| February 16, 2005 | Rule 26(a) Initial Disclosures |
| September 30, 2005 | Factual Discovery (Interrogatories, Document Requests, Depositions) Complete |

| | |
|---|---|
| October 31, 2005 | Plaintiffs designate experts |
| November 30, 2005 | Defendants designate experts |
| January 31, 2006 | Motions/Cross-Motions for Summary Judgment |
| March 2, 2006 | Opposition to Cross-Motions for Summary Judgment |
| March 16, 2006 | Replies to Cross-Motions for Summary Judgment |

**Certifications regarding budgets and alternative dispute resolution**

The parties also certify that each has conferred with its counsel regarding establishing a budget for the costs of conducting the full course—and various alternative courses—of the litigation. Each party also has discussed with its counsel the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

**Trial by Magistrate**

The parties will not consent to a trial by magistrate.

Respectfully submitted,

BOSTON AND MAINE CORPORATION
SPRINGFIELD TERMINAL RAILWAY CO.

By: _____
Katherine E. Potter
BBO#651726
Iron Horse Park
North Billerica, MA 01862
Phone: (978) 663-1029

**January 26, 2005**

TOWN OF CHELMSFORD
CHELMSFORD BOARD OF HEALTH,
RICHARD J. DAY, PETER DULCHINOS,
ANNMARIE ROARK, and EARNEST WU, M.D.


By: _____

s/Jocelyn Sedney
Jocelyn Sedney
BBO#
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
Phone:


January 26, 2005



MASSACHUSETTS DEPARTMENT OF
ENVIRONMENTAL PROTECTION and
ROBERT W. GOLLEDGE, JR.

By: _/s/_____

s/Nora Chorover
Nora J. Chorover, Esq.
BBO#
Assistant Attorney General
Commonwealth of Massachusetts
Office of Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
Phone:


January 26, 2005