UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON & MAINE CORPORATION, ET AL., <br><br> Plaintiffs, <br> v. <br><br> TOWN OF CHELMSFORD, ET AL., <br><br> Defendants. | Case No.: 04-12069-MLW |
| BOSTON & MAINE CORPORATION, <br><br> Plaintiffs, <br> v. <br><br> TOWN OF WESTFORD,, ET AL., <br><br> Defendants. | Case No.: 05-10806-MLW |
| BOSTON & MAINE CORPORATION, <br><br> Plaintiffs, <br> v. <br><br> TOWN OF ANDOVER, ET AL., <br><br> Defendants. | Case No.: 05-10820-MLW |

**NOTICE BY THE COMMONWEALTH OF MASSACHUSETTS OF ITS POSITION ON RULE 41(a)(2) DISMISSAL OF THESE CONSOLIDATED ACTIONS**

While the Commonwealth of Massachusetts (the "Commonwealth") strongly believes that the Court should enter dismissals "with prejudice" under Federal Rule of Civil Procedure 41(a)(2), the Commonwealth agrees that for reasons of judicial economy the cases may be

dismissed "without prejudice." The Commonwealth wishes, however, to correct any mis-impression the Court may have had at the status conference of August 15th, 2006, that the Commonwealth somehow attempted to impede settlement.

The undersigned became responsible for this case shortly before May 16, 2006,[1] at a time when settlement negotiations had languished. It was the undersigned who personally revived dialogue among the Defendants on settlement, and when those discussions had progressed far enough, the undersigned contacted Plaintiff's counsel, Robert Culliford, in June of 2006 to restart settlement talks. The undersigned offered a settlement proposal on terms that were very different from the voluntary dismissals now proposed, but which would have allowed both sides to achieve things they wanted to achieve.

In its essence, and subject to Court approval, the proposed settlement would have allowed the Commonwealth (and perhaps the Towns) to file counterclaims under the citizen suit provisions of the Clean Air Act, 42 U.S.C. § 7604(a), alleging that the Commonwealth's diesel locomotive idling regulation, 310 C.M.R. 7.11(2), was federally enforceable because it had been incorporated into federal law as part of the Commonwealth's State Implementation Plan ("SIP"), approved in 1972 by the Administrator of the U.S. Environmental Protection Agency pursuant to 42 U.S.C. § 7410. The Parties then would have lodged a Consent Decree with the Court requiring, among other things, the Plaintiffs to install auxiliary power units ("APUs") on their locomotives to reduce noise and air pollution. Incidentally, these APUs would also save the Plaintiffs money, for example through reduced fuel costs. Lastly, the Commonwealth was

---

[1] On that date the undersigned served a Notice of Appearance for all State Defendants upon all Parties and the Court by mail. Through oversight, the Notice of Appearance was not filed using the Court's ECF system, although that was corrected, as this Court required, with a new ECF filing on August 17, 2006.

prepared to accede to a request by Plaintiffs' concerning continuing federal Court jurisdiction. Specifically, the Commonwealth would have agreed, subject to Court approval, that the Court could retain jurisdiction to address issues arising out of the factual claims pleaded in the three complaints and the counterclaims, and issues arising out of the Consent Decree.

The undersigned and Plaintiffs' counsel continued a dialogue and exchanges of electronic mail on the potential settlement, and while no agreement was reached, the undersigned gained confidence that one would be reached on similar, if not like, terms. The undersigned drafted and circulated to Defendants' counsel for review a proposed counterclaim and a proposed Consent Decree that was to be circulated to Plaintiffs' counsel when completed. For various reasons, that could not occur before the August 15th status conference.

In a telephone discussion on the morning of the status conference, Mr. Culliford advised the undersigned for the first time since the Commonwealth's offer of settlement that the Plaintiffs were rejecting it entirely and preferred to voluntarily dismiss the cases. The undersigned replied that a consultation among the Defendants was necessary before a response could be made. Plaintiffs' counsel advised that the Plaintiffs were still installing APUs on some locomotives, but also acknowledged that without a Consent Decree to bind them, future installations might possibly stop if the Plaintiffs no longer considered them advantageous.

After communications among the Defendants that morning, the undersigned left a cell-phone voice mail message for Mr. Culliford (who had left his office for Court) reporting that all Defendants would agree to voluntary dismissals, though all felt they should be "with prejudice." Further discussions at the Courthouse seeking resolution of this issue were for naught, and the undersigned so reported to the Court at the August 15th status conference.

In sum, the Commonwealth wishes the Court to know that it claims credit for resuscitating the largely moribund settlement discussions during the past three months, and believes that the Plaintiffs' offer of dismissal would likely not have been made but for their being faced with the possibility of a Court-enforceable Consent Decree. While the Plaintiffs' last minute change of position does not amount to a lack of good faith (for this is simply the nature of settlement negotiations), the message delivered to the Court about the Parties' inability to agree on the instant issue was a product of the Defendants getting the new proposal a scant amount of time before the actual status conference on August 15th, 2006.

    Respectfully submitted,

    COMMONWEALTH OF MASSACHUSETTS
    THOMAS F. REILLY
    ATTORNEY GENERAL


    /s/ Frederick D. Augenstern
    _____
    Frederick D. Augenstern (BB0 # 553102
    Assistant Attorney General
    Environmental Protection Division
    1 Ashburton Place, 18th Floor
    Boston, MA 02108
    (617) 727-2200 x. 2427

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the forgoing Notice was filed this 18th day of August, 2006 using this Court's Electronic Filing (ECF) System and e-was mailed as well to:

For the Plaintiffs:

Robert B. Culliford, Esq.
rculliford@flypanam.com

Katherine E. Potter, Esq.
kpotter@sandw.com

Eric L. Hirschhorn, Esq.
ehirschhorn@winston.com

For the Chelmsford and Andover Defendants:

Jocelyn M. Sedney, Esq.
jsedney@bhpklaw.com

For the Westford Defendants:

Joseph L. Tehan, Jr., Esq.
jtehan@k-plaw.com


              /s/ Frederick D. Augenstern
              _____
              Frederick D. Augenstern, Esq.
              Assistant Attorney General